## Case No. 865.

BANK OF COLUMBIA v. DAWES.

[See Case No. 862.]

## Case No. 866.

BANK OF COLUMBIA v. DUNLOP.

[3 Cranch, C. C. 414.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

EQUITY—VENDOR AND VENDEE — HE WHO SEEKS EQUITY MUST DO EQUITY.

A vendee coming into equity to obtain the legal title of a lot upon which the purchase-money has been fully paid, must pay the balance due to the vendor upon other lots.

In equity.

CRANCH, Chief Judge, delivered the opinion of the court.

Under the decree of this court for the sale of the real estate of the late James Dunlop, deceased, for the payment of his debts, the trustee sold seventeen feet front on High street, being part of lot No. 88 in H. & B.'s addition to Georgetown. The sales reported by the trustee were all ratified by the court, except this, which was reserved for consideration, upon exceptions to the report filed by the purchaser and by the creditors of Abraham Wingard, who contended that this part of the lot was not the property of the said James Dunlop, but of the said Wingard. The facts were these. In 1803, this part of the lot

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

was sold by the late Mr. James Dunlop to Mr. Abraham Wingard, who paid the whole purchase-money, but did not get a conveyance of the legal title, which remained in Mr. Dunlop, the vendor. In 1814, Mr. Dunlop sold to Mr. Wingard the residue of the lot, being thirty-nine feet front, for $3,000, and received $985 in part payment. In January, 1820, Mr. Wingard died insolvent, not having received the legal title to any part of the lot. Judgments had been recovered against him in his lifetime to a greater amount than the value of all his property. On the 31st of May, 1821, Mr. Dunlop filed a bill against Mr. Wingard's heirs and representatives, for the sale of the thirty-nine feet front, to pay the balance of the purchase-money; and claiming also a lien on the seventeen feet front first sold, in case the other should not be sufficient to pay that balance, which amounted to more than $3,000. A decree was obtained; and, on the 19th of February, 1822, Mr. Dunlop, at the sale under the decree, purchased the thirty-nine feet for $1,350, leaving a large balance of the purchase-money still due to him from Mr. Wingard's estate. On the 10th of October, 1821, Mr. Wingard's creditors obtained a decree for the sale of his real estate, for the payment of his debts; under which decree the trustee offered to sell the seventeen feet, but the sale was forbidden by Mr. Dunlop, on the ground that he had a lien upon it for the balance due upon the other part of the lot, and the sale was not made; but the whole lot, after the death of Mr. Wingard, and after the 19th of February, 1822, remained in the possession of Mr. Dunlop and his heirs. It is agreed, by the trustee for the sale of Mr. Wingard's estate, and by the trustee for the sale of Mr. Dunlop's estate, and by the purchaser, that the sale of the seventeen feet by the latter trustee shall be ratified; and that this court shall decide which of the trustees shall have the purchase-money.

It is one of the plainest rules of equity, that he who seeks equity must do equity. He who comes into a court of equity to redeem, or to obtain the legal title, must pay the defendant all that is justly due to him by the complainant, whether the debt be or be not strictly a lien on the property sought to be redeemed or conveyed; unless the rights of third persons, not having notice of the complainant's equity, shall have intervened. In Shuttleworth v. Laycock, 1 Vern. 245, it was decided, in 1684, that "where there is a debt secured by mortgage, and also a bond debt, when the heir of the mortgagor comes to redeem, he shall not redeem the mortgage without paying the bond debt too, in case the heir be bound. So if there are two mortgages, and one is defective; if he will redeem, he must take both." The same point was decided in Baxter v. Manning, 1 Vern. 244, where the court said:—"Although there is no special agreement proved in this case, that the land should stand as a security for the

bond debt, yet the mortgagor shall not redeem without paying both." So in Purefoy v. Purefoy, 1 Vern. 29, it was said in argument, and not denied, that "where a bill is brought to redeem two mortgages, and there is more money lent upon one of them than the estate is worth, the plaintiff shall not elect one, and leave the heavier mortgage unredeemed, but shall be compelled to take both or none." This point is also expressly decided in Margrave v. Le Hooke, 2 Vern. 207, where the court said:—"He shall redeem both, or neither. And so if one mortgage had been deficient in value, and the other mortgage had been worth more than the money lent upon it, the heir should not be permitted to redeem the one without the other." So in Pope v. Onslow, 2 Vern. 286. The plaintiff, as assignee of a bankrupt, brought his bill to redeem a mortgage of the manor of Newington, made by the bankrupt to the defendant. The defendant, in his answer, stated that he had previously lent the bankrupt £200, on an insufficient mortgage, and, afterwards, £300 on the mortgage of the manor of Newington, which was of better value than the money due upon it. Per curiam:—"If the plaintiff will redeem one, he shall redeem both." See also the cases cited by the master of the rolls, in Jones v. Smith, 2 Ves. Jr. 376, 377, where he says, that "the case of the assignee is not better than that of the original mortgagor." He considered the case before him as a case of pledge, and not of mortgage; and, therefore, permitted the plaintiff to redeem one fund without the other, but his decree was reversed in the house of lords. 1 Madd. p. 528, says:—"Nor, where there are two separate mortgages of different estates to the same person, can the purchaser of the equity of redemption of one of them redeem that mortgage only; if he redeem at all, he must redeem both."

The case of a vendor, who sells two separate parcels of land to the same vendee, and retains the legal title, does not differ in principle from that of a mortgagee who holds two separate mortgages. The vendor has all the rights of a mortgagee. Even if he has parted with the legal title, he has a lien on the land in the hands of the vendee, and all claiming under the vendee, with notice, unless he has waived that lien. In such a case, however, if the vendor comes into a court of equity, to enforce his lien, he cannot, I apprehend, make one parcel of land answer for the debt of the other, if they have got into several hands, even with notice. But when the vendee comes into a court of equity, to get from the vendor the legal title, then he must pay off both debts; not because the vendor has a lien upon one parcel for the debt of the other, but because the court will compel him who seeks equity to do equity. This is the principle which governs all these cases, and to which they are all to be referred. We are, therefore, of opinion

that the trustee for the sale of Mr. Dunlop's estate has a right to retain the purchase-money of the seventeen feet of land, for the purposes of his trust.